UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DE'AUNTAYE WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00883-JRO-TAB |
| | ) | |
| CHARLIE FOX Deputy Warden,<br>ANDREW COLE Deputy Warden,<br>EMILY SARTEN caseworker manager,<br>TONYA ASHBY,<br>BRIAN MARTZ Lt.,<br>JOSHUA SHAVER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING SECOND PRELIMINARY INJUNCTION MOTION**

On October 27, 2025, the Court screened Plaintiff De'Auntaye White's complaint and determined that he stated claims against the Defendants based on their alleged failure to protect him from repeated attacks by other inmates at Pendleton Correctional Facility. Dkt. 16. The specific relief White sought in his original complaint was $1,000,000 in damages and transfer to a different Indiana Department of Correction ("IDOC") facility. Dkt. 1 at 4. Also, on April 29, 2026, the Court denied White's first preliminary injunction motion seeking an immediate prison transfer. Dkt. 51. The next day, White filed a second preliminary injunction motion. Dkt. 52. And, on September 2, 2026, White filed a motion to amend his complaint. Dkt. 79. For the reasons below, both motions are **DENIED**.

## I. MOTION TO AMEND COMPLAINT

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted [Rule 15(a)(2)] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if "it seeks to add a new claim that does not allege a viable theory of liability." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

When the court-ordered deadline for amending a pleading has passed, Rule 16 applies before the Court considers the requirements of Rule 15(a)(2). *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). Under Rule 16, a party must show "good cause" for the late amendment. *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Here, the Court's pretrial scheduling order stated that any motion for leave to file an amended complaint had to be filed no later than July 27, 2026, and that any such motion must include a proposed amended complaint. Dkt. 54 at

3. White's motion to amend was filed over a month after this deadline and does not have a proposed amended complaint attached to it. White does not explain why the Court should find "good cause" for the belated filing nor why it should excuse his failure to attach a proposed amended complaint to his motion, aside from generally arguing that he is a *pro se* litigant who does not understand the Federal Rules of Civil Procedure very well. The Court may deny the motion to amend for lack of good cause under Rule 16.

Regardless, White's proposed amendments to his complaint would be futile or unnecessary. First, instead of being transferred to a different prison, White now seeks to have "5 years removed from early release date . . . ." Dkt. 79 at 1. To the extent White appears to want this Court to order the State of Indiana to reduce White's sentence, that is not relief that is available in a civil proceeding under 42 U.S.C. § 1983. *See Fernandez v. United States*, 608 U.S. 411, 146 S. Ct. 1292, 1300–01 (2026). For state prisoners such as White, any challenges "'close to the core of habeas corpus' must be brought, if at all, under 'the specific federal habeas corpus statute'", i.e., 28 U.S.C. § 2254. *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). If White believes the United States Constitution mandates a reduction in his state-imposed sentence, he can only seek that remedy in federal court in a habeas proceeding under § 2254, and only after he has first exhausted all possible avenues for a sentence reduction under state law.

Second, White seeks to reduce the total amount of damages he is seeking—from $1,000,000 to $600,000—and to specifically require injunctive relief in the form of having IDOC arrange and pay for several tooth implants to replace teeth that he alleges were knocked out during one of the assaults that the Defendants failed to prevent. But these amendments are unnecessary because a plaintiff's specific demands for relief are not part of a plaintiff's claims. *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (citing Fed. R. Civ. P. 8(a)(3)). Furthermore, and importantly for White, if he prevails on his claims that the Defendants failed to protect him from attack by other inmates, and such failure resulted in his having several teeth knocked out, he may obtain any relief to which he is entitled, even if he "'has not demanded such relief in [his] pleadings.'" *Id.* (quoting Fed. R. Civ. P. 54(c)). In other words, White does not need to amend his complaint to change the dollar amount of damages he is seeking or to specify the specific relief he seeks.

Because White's proposed amendments to his complaint are untimely, and in any event would be futile or unnecessary, his motion to amend his complaint is **DENIED**. Dkt. [79].

## II. SECOND PRELIMINARY INJUNCTION MOTION

In denying White's first preliminary injunction motion seeking an immediate transfer to a different prison, the Court found that he had "not shown how he proposes to prove the key elements of his failure to protect claims," in light of uncontradicted evidence the Defendants had presented regarding White's

bed moves or conduct near the time when he alleges he was assaulted by other inmates. Dkt. 51 at 5. Thus, White's motion first motion failed because he failed show a strong likelihood of success on the merits. *Id.* at 4-5 (citing *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020), and *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020)). The Court also noted, "[t]he decision of where an inmate should reside is particularly within the IDOC's expertise and is not something that this Court will second guess in the absence of truly extraordinary circumstances." *Id.* at 6 (citing *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012)).

White's second motion is unsworn and does not include any evidence in support of it. The only new allegation that was not specifically addressed in the Court's April 29 order is that White was "spit on and attacked by [another inmate] on 2-26-2026." Dkt. 52. The second motion also does not contain any explanation as to how any of the Defendants might have been responsible for failing to prevent this alleged incident.

It is true that "a district court may grant a preliminary injunction based on less formal procedures and on less extensive evidence than a trial on the merits." *Dexia Credit Loc. v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010). Still, there must be some evidence in support before the Court will consider granting the "extraordinary" remedy of a preliminary injunction. White's second preliminary injunction motion has no evidence to support it that would cause the Court to

reconsider its denial of his first preliminary injunction motion for any reason. The motion, therefore, is **DENIED**. Dkt. [52].

## III. CONCLUSION

White's motion to amend his complaint and his second motion for a preliminary injunction are **DENIED**. Dkts. [52], [79]. His motions to compel, dkts. 80 and 81, remain under advisement.

**SO ORDERED.**

Date: 10/23/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DE'AUNTAYE WHITE
248911
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064